## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sherman Graham, #326450, | ) | C/A No.: 1:14-1680-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden of Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Sherman Graham is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 12, 13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by August 25, 2014. [ECF No. 14]. After an extension, Petitioner filed a response on September 9, 2014. [ECF No. 19].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.    Factual and Procedural Background[1]

Petitioner had worked for Andrews Fabricators in Kingstree, South Carolina, before being laid off by its owner, Bruce Castleman, because business had slowed. Castleman indicated that once business picked up, he would call Petitioner back to work, but he never did.

On November 19, 2007, Petitioner entered Andrews Fabricators at approximately 8 p.m. with a handgun and bandana. He demanded money from Castleman and shot at him twice, hitting him in the leg at least once. Police officers arrived in time to see Petitioner holding the gun at Castleman and to overhear Petitioner demanding money. The police officers ordered Petitioner to the ground and arrested him. The police found approximately $3,000 on Petitioner's person, along with Castleman's wallet. Castleman identified the money and wallet as his and identified Petitioner as the shooter.

Petitioner was charged in a three-count indictment by the Williamsburg County grand jury in January 2008 for assault and battery with intent to kill ("ABWIK"), armed robbery, and possession of a weapon during a violent crime (2008-GS-45-0008). [ECF No. 13-1 at 4–5]. Petitioner was represented by W. Legrand Carraway, Esq., who advised Petitioner to plead guilty, as "seldom have the facts been more overwhelming in a case." [ECF No. 13-2 at 34]. On January 30, 2008, Petitioner pled guilty to all counts before the

---

[1] No transcript from Petitioner's guilty plea hearing exists, due to technical issues with the tapes. [ECF No. 13-2 at 3]. At the PCR evidentiary hearing, the record of Petitioner's guilty plea hearing was reconstructed through the testimony of prosecutor Kimberly Barr and plea counsel W. Legrand Carraway. [ECF No. 13-2 at 26–42].   The undersigned relies on that testimony for the information in the factual background.

2

Honorable Clifton Newman, Circuit Court Judge. [*Id.* at 1–3 (sentencing sheets)]. Judge Newman sentenced Petitioner to 20 years for ABWIK, 20 years for armed robbery, and five years for the weapons conviction, all to run concurrently. [ECF No. 13-1 at 1–3]. Petitioner did not file a direct appeal. [ECF No. 13-2 at 5].

On December 12, 2008, Petitioner filed an application for post-conviction relief ("PCR"), asserting claims of ineffective assistance of counsel and involuntary guilty plea. [ECF No. 13-2 at 4–16]. A PCR evidentiary hearing was held before the Honorable W. Jeffrey Young, Circuit Court Judge, on March 20, 2012, at which Petitioner and his counsel, Charles T. Brooks, III, appeared. [*Id.* at 22–47]. On May 22, 2012, Judge Young filed an order of dismissal. [*Id.* at 48–53].

Petitioner appealed from the denial of PCR on May 24, 2012. [ECF No. 13-3].   He was represented by Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[2] for writ of certiorari in the South Carolina Supreme Court on or about November 7, 2012, raising the following issue: "Whether Petitioner's guilty plea was voluntarily and knowingly entered when the court did not advise petitioner of the sentencing

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

3

possibilities?" [ECF No. 13-4 at 3]. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. [*Id.* at 8]. Petitioner filed a *pro se* brief in which he raised the following issues:

1)    Petitioner could not prove his claim of Ineffectiveness Assistance of Counsel because of the complete absence of trial transcript.

2)    Petitioner could not demonstrate that Plea was in fact intelligently and voluntarily given from a silent record.

3)    Whether Judge Young erred, when Petitioner addressed him in P.C.R. court regarding the inability to have a trial record, and why the conversation was not on record?

4)    Petitioner would also like this court to take notice that the P.C.R. record before us is imcomplete there was an hearing held before the evidentiary hearing.

[ECF No. 13-6] (errors in original).

By order filed March 6, 2014, the South Carolina Court of Appeals denied the petition for certiorari. [ECF No. 13-7]. The remittitur issued on March 25, 2014. [ECF No. 13-8]. Petitioner filed this federal petition for a writ of habeas corpus on April 22, 2014. [ECF No. 1-2 at 1].[3]

---

[3] The petition was received by the court on April 25, 2014, and docketed on April 28, 2014. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on April 22, 2014. [ECF No. 1-2 at 1].

II.    Discussion

Petitioner raises the following grounds in his petition:

**Ground One:**        Petitioner was denied his 14th Amendment right to due process of law to challenge his conviction and sentence of a guilty plea through post conviction avenue, when he was unable to obtain plea transcript.

Supporting facts: In the present case, the Petitioner filed a pro se Application for post conviction relief (APCR). Petitioner was appointed counsel, Charles Brooks. And wrote Brooks numerous times requesting a copy of his plea transcript with no response. Petitioner then wrote the Williamsburg County Clerk of Court as well as the South Carolina Court Administration and the Attorney General at which time Brooks wrote and advised Petitioner to "not write the other side." (attached response from brooks. The South Carolina Court Administration and/or Court Reporter . . . advising Petitioner that due to the Court Reporter's equipment malfuctioning during Plea hearing, that there was no transcript of Petitioner's plea hearing.

On October 26th, 2010, a hearing was at Sumter, South Carolina. Petitioner was present along with appointed P.C.R. Counsel Charles Brooks and Ms. Mary S. Williams, Assistant General Attorney was present as well as Honorable Jeffery Young, Circuit Court Judge.

At this brief hearing the record reveals that the Petitioner took exception to proceeding to P.C.R. hearing with plea transcript and the hearing was continued at this time.

Petitioner appeared at P.C.R. evidentiary hearing March 20th, 2012, at Sumter County, Courthouse, Sumter South Carolina with all the aforenamed present.

Judge Young, over Petitioner's exception and contention that the record could not be reconstructed, held a reconstruction as well as P.C.R. hearing resulting in a miscarriage of Justice.

Petitioner asserts that that he should have been granted a new trial. In that, it was unrealistic and unreasonable to even think that a trial Judge and counsel, after approximately three (3) years, could reconstruct a proper record that would have permitted meaningful appellate review . . . . Given that petitioner

5

could not obtain a copy of his plea transcript through no fault of his own or counsel. he should have been granted a new trial.

Petitioner was prejudiced, in that, he could not present the appellate courts with an accurate copy of plea proceeding, and this deprived the appellate court of a record, therefore, the appellate court, could not consider any facts that Petitioner raised at plea hearing itself. As there exists, major disagreement of substantive material facts. Such as the Petitioner does not recall any details of the plea proceeding (because of time frame).

Petitioner is informed and believes that the trial Judge never asked Petitioner if he was guilty of the charged offenses-specifically, failed to inform petitioner of the mandatory minimum sentence of ten (10) years, seven (7) of which must be served without parole, this coupled with trial counsel's failure to explain the elements charged, rendered petitioner's plea involuntary, unintelligently and unknowingly, and result in miscarriage of justice.

**Ground Two:**     Petitioner's guilty plea was entered "involuntary, and unknowingly in violation of his 14th Amendment due process of law when the trial court did not advise Petitioner of the sentencing possibilities.

Supporting facts: South Carolina Court of Appeals decision is contrary to or in violation of clearly established federal laws. I was not apprised of the minimum and maximum sentence, nor of the critical elements on the record. Due Process requires states to offer each petitioner a fair opportunity to obtain transcript, a petitioner's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record. There must be a colloquy between Petitioner and the court or Petitioner's counsel or both but that can not be determined from a silent record. Petitioner believes this court will establish full understanding must be made when constitutional rights are at hand, these rights you are waving must be known by a complete entire record.

**Ground Three:**     Ineffective Assistance of Counsel – In violation of Petitioner's 6th Amendment right to a fair proceeding and 14th Amendment right to due process of law.

Supporting facts: South Carolina P.C.R. Court action does not comport with fair procedure and lacks that equality that is required by the fourteenth (14) Amendment. Where state appointed P.C.R. Counsel failed to present Petitioner's claim particular by neglecting to obtain transcript to find error.

6

> Plea counsel or P.C.R. counsel had M.O.D. Rule 5 in control when visited or asked for (see Attached) wrote Plea Counsel several times and P.C.R. counsel.

[ECF No. 1-1 at 6–13] (errors in original).

A.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

B.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review

7

of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.   This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id*.  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.   A habeas corpus petition filed in this court before

8

the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A)    the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

9

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in

---

[4] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice"

13

has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

C.     Analysis

1.     Procedural Bar

As an initial matter, Respondent argues that Petitioner procedurally defaulted on his claim in Ground Two and that some claims in Ground Three are not cognizable.[5] The undersigned agrees that Petitioner's claim in Ground Two that his plea colloquy did not comport with due process should have been presented to the plea court, and because it was not, that it has not been properly preserved for this court's review. *See State v. McKnight*, 576 S.E.2d 168, 174 (S.C. 2003) (noting that an argument must be raised and ruled upon by a trial court to be preserved for appellate review); *State v. Watts*, 467 S.E.2d 272, 278 (S.C. Ct. App. 1996) ("To be preserved for appellate review, an issue must be both presented to and passed upon by the trial court."). Because this claim was not properly presented to the South Carolina Supreme Court, the South Carolina state courts would find it procedurally

---

[5] Petitioner's claims in Ground Three are all addressed *infra* at II. C. 4. b.

defaulted if Petitioner attempted to raise it now. Therefore, this claim is procedurally barred in federal habeas corpus. *Coleman v. Thompson*, 501 U.S. 722 (1991).   Respondent argues that Petitioner cannot show cause and prejudice for his procedural default or that failure to review the claim will result in a fundamental miscarriage of justice.

                    2.     Cause and Prejudice

        The undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of Ground Two. In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) (holding that neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that "prejudice" requires a petitioner to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

        The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to

comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these grounds. Petitioner had a trial, a direct appeal, a PCR hearing, and a PCR appeal in which to raise these issues.  However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues. To the extent that Petitioner argues his PCR counsel was ineffective for not having filed a Rule 59(e) motion [ECF No. 1 at 6], the argument is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation, as Petitioner cannot "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez,* 132 S.Ct. at 1318–20.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The reconstruction of Petitioner's guilty plea reveals the facts recited in the Factual Background section above, which makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to his claim in Ground Two.

### 3.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of

*Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

    4.    Merits Review

    a.    Ground One

In Ground One, Petitioner asserts that his right to due process was violated because he was unable to obtain a copy of his plea transcript. Petitioner asserts that he should have been granted a new trial and that it was "unrealistic and unreasonable to even think that a trial judge and counsel, after approximately three (3) years, could reconstruct a proper record that would have permitted meaningful appellate review." [ECF No. 9-1 at 7]. Although he asserts that there is a "major disagreement of substantive material facts" about

the guilty plea [ECF No. 9-1 at 8], Petitioner testified at his PCR hearing in March 2012

that he did not recall any details of the plea proceeding:

Q.     Mr. Graham, I have a little bit of background questions that I want to ask you first.
       Do you understand that in light of the fact that you got twenty years, if Judge Young
       grants the PCR you could go back and face well over fifty years?
A.     Yes, sir.
Q.     And knowing that, it's still your desire to be granted your PCR and to get a new
       trial; is that correct?
A.     Yes.
Q.     Okay. Now, you had Mr. Carraway as your lawyer. He was court-appointed. You
       ended up pleading guilty to that; is that correct?
A.     I don't remember. I don't recall.
Q.     You don't recall?
A.     No, sir.
Q.     What do you recall?
A.     Being incarcerated.
Q.     You don't recall Mr. Carraway's representation?
A.     I don't recall it, no.
Q.     Do you recall the incident?
A.     No, sir, I don't recall.
Q.     You don't recall anything about Mr. Carraway's representation?
A.     No, sir.
Q.     You don't recall the guilty plea?
A.     No, sir.
Q.     Is there anything about your case that you recall?
A.     No, sir, there isn't.
Q.     Is there anything else you want to tell the judge about why you should have your
       PCR granted?
A.     No, sir.
Mr. Brooks:  No more questions.
The Court:    Ms. Williams.
Cross-Examination by Ms. Williams:
Q.     Mr. Graham, did you prepare your PCR application?
A.     Excuse me?
Q.     Did you prepare your PCR application?
A.     Yes, I did.
Williams: That's all I have.

[ECF No. 13-2 at 44–45].

Curiously, notwithstanding his PCR testimony under oath that he did not recall any details of the plea proceeding, Petitioner now, more than two and a half years later, argues about details of the plea proceedings that he maintains have been omitted from the record (e.g., alleging that "the Attorney General made mention of an allegation of the Solicitor reading off to the court the wrong rap sheet" [ECF No. 19 at 2]). Petitioner's amnesia at his PCR hearing appears to have now been resolved, as he argues that his guilty plea was made involuntarily, unintelligently, and unknowingly because (1) the trial judge never asked him if he was guilty, (2) the trial court failed to inform him of the mandatory minimum sentence, and (3) trial counsel failed to explain the elements of the charges. [ECF No. 9-1 at 8]. Petitioner restates these assertions in Ground Two, arguing that he was denied due process because he was not informed of the minimum and maximum sentences and the elements of the charges on the record.

The PCR court found as follows:

Applicant testified that he did not remember pleading guilty and that he did not remember Counsel. Applicant further claimed that he did not remember the shooting. Applicant stated that he only remembered that he was incarcerated. However, Applicant conceded that he prepared his PCR application.

Applicant asked that his application be summarily granted based on the plea transcript being unavailable. This court finds the absence of the plea transcript alone does not meet the Applicant's burden of demonstrating ineffective assistance or other constitutional defect requiring the grant of relief. Further, though Applicant detailed several allegations in his PCR application, he presented no evidence at PCR hearing to support any ground for relief. I therefore find that Applicant failed to carry his burden of demonstrating either deficient performance by Counsel or resulting prejudice.

[ECF No. 13-2 at 52].

Contrary to Petitioner's argument in his petition and response, the absence of a plea hearing transcript alone does not establish a constitutional violation. *See Parke v. Raley*, 506 U.S. 20, 30 (1992) ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, *Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained."); *see also*, *Finch v. Reed*, C/A No. 9:07-19-HMH, 2007 WL 2022184 (D.S.C. 2007) (applying *Parke* in finding that habeas petitioner failed to meet his burden of proof of a constitutional violation where trial transcript was unavailable).

Additionally, Petitioner was represented by counsel at the hearing, which also indicates his plea was voluntary. *McCullough v. Bazzle*, C/A No. 0:06-CV-1299-MBS, 2007 WL 949600 at *4 n.5 (D.S.C. Mar. 27, 2007) (citing *Marshall v. Lonberger*, 459 U.S. 422, 437 (1983) (stating that when a defendant is represented by counsel during the plea proceedings, the plea is presumed valid in a collateral habeas proceeding)). Petitioner has failed to present any evidence to rebut this presumption of voluntariness.

The PCR court also found Petitioner failed to present any evidence to support his various grounds for relief and, thus, that Petitioner "failed to carry his burden of demonstrating either deficient performance by Counsel or resulting prejudice." [ECF No. 13-2 at 52]. These conclusions by the PCR court are entitled to deference in this action. *See*

*Williams v. Ozmint*, No. 3:05-1648-CMC, 2006 WL 1577265, at *4 (D.S.C. May 31, 2006) ("Section 2254(d) requires that state court decisions be given the benefit of the doubt . . . . Additionally, when the state court decision being reviewed by a federal habeas court fails to provide any rationale for its decision, a federal court still applies the deferential standard of review mandated by Congress . . . ." (alterations, quotations, and citations omitted)), *rev'd on other grounds by* 494 F.3d 478 (4th Cir. 2007).

Despite Petitioner's allegation that it was unrealistic and unreasonable to attempt to reconstruct the guilty plea, the record reflects that both the prosecutor and plea counsel were able to recall details about the circumstances of the guilty plea. Their testimony shows that Petitioner's plea was not made unknowingly, involuntarily, or unintelligently. Plea counsel testified that the evidence against Petitioner was overwhelming, and, thus, he informed Petitioner of the potential sentences and advised Petitioner to plead guilty to try and get the best sentence possible.

Petitioner's allegation that there is a "major disagreement of substantive material facts" concerning the plea proceeding is without merit. In fact, the only evidence in the record is the undisputed, consistent testimony of the prosecutor and plea counsel concerning the plea proceedings, because Petitioner testified that he did not remember anything about the plea proceedings.

Petitioner cannot show that the state court unreasonably applied federal law in denying relief on this claim of ineffective assistance of counsel or made an unreasonable determination of the facts in denying relief on this claim. The PCR court properly rejected

Petitioner's claims where there was no evidence to support relief based on the alleged constitutional violations. As the PCR court's determinations were based on reasonable findings of facts and application of federal law, Petitioner cannot establish that he is entitled to federal habeas relief on Ground One under 28 U.S.C. § 2254(d), and the undersigned recommends that this claim be denied and dismissed with prejudice.

b.    Ground Three

In Ground Three, Petitioner contends that he received ineffective assistance of counsel. He asserts that the South Carolina PCR process does not comport with fair procedure and lacks equality. He also asserts that PCR counsel was ineffective for failing to obtain a transcript. Additionally, Petitioner submits that PCR counsel and plea counsel had "M.O.D. Rule 5 in control when visited or asked for (see attached) wrote plea counsel several times and P.C.R. counsel." [ECF No. 9-1 at 12].

Petitioner's challenge to the PCR process is not cognizable in federal habeas. Habeas relief is restricted to claims alleging an improper application of federal law. 28 U.S.C. § 2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law); *see also Wilson v. Corcoran*, 562 U.S. __, 131 S. Ct. 13, 16 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted) (emphasis in original). Because

alleged infirmities in a state post-conviction action are matters of state procedure, they are not matters of federal law that may be addressed in a federal habeas action. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954–55 (3d Cir. 1998)) ("'[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.'"); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal.").

Next, Petitioner's complaints about PCR counsel's representation are barred by statute. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also*, *Martinez* 132 S. Ct. at 1320 (acknowledging that "§2254(i) precludes [a habeas petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"); *Auls v. Cohen*, C/A No. 3:11-2930-RMG, 2013 WL 496239, at *3 (D.S.C. Feb. 6, 2013) (finding allegation that "PCR counsel was ineffective . . . not a proper basis for a § 2254 petition"). Therefore, the undersigned recommends dismissing Petitioner's claims about PCR appellate counsel.

Finally, Petitioner generally complains about plea counsel's representation. This claim regarding plea counsel was arguably presented to and ruled on by the PCR court. The

24

PCR court rejected this claim for failure to present any evidence in its support. At PCR, plea counsel indicated that he received discovery from the State and had the opportunity to review those items [ECF No. 13-2 at 41] and he discussed the evidence against Petitioner with Petitioner when they met [*id.* at 34–37]. The undersigned finds that the PCR court made reasonable findings of fact and reasonably applied federal law in denying these claims in light of the evidence presented. As such, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of plea counsel.

To the extent Petitioner intended to allege other claims regarding plea counsel's performance, those allegations are vague, as Petitioner fails to point out either how plea counsel's performance was deficient or how Petitioner was prejudiced by that performance. As such, Petitioner is not entitled to relief on these claims and they should be summarily dismissed for lack of specificity. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)) ("It is well-settled that 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"); *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (summary disposition of habeas petition appropriate where allegations are vague or conclusory); *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error.").

Petitioner cannot establish that he is entitled to federal habeas relief on any claim in Ground Three under 28 U.S.C. § 2254(d), and the undersigned recommends that this ground be denied and dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [ECF No. 12] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 12, 2014                                Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).